WILBUR G. MANCHESTER, TRUSTEE, *vs.* LEWIS J. SULLIVAN ET AL.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 7th—decided November 7th, 1930.

*Howard F. Landon,* for the appellant (plaintiff).

*Henry J. Marks,* for the appellees (defendants).

MALTBIE, J.   This being an appeal from the action of the trial court in sustaining a demurrer to the complaint, the question before us is the legal sufficiency of the facts alleged to constitute a cause of action. The complaint recites that in November, 1927, the defendants executed and delivered a certain promissory note, the terms of which are quoted, to a corporation, the Parker-Smith Company; that to secure it and eleven other notes of a similar tenor, the defendants mortgaged certain real estate to the company, the terms of the mortgage appearing in an exhibit annexed to the complaint; that thereafter the plaintiff purchased the note in suit and still owned it; that on or about August 8th, 1928, the defendants paid the company the amount due on the notes and the company thereupon released the mortgage to them; that of this payment and release the plaintiff had no notice or knowledge; that thereafter the company remitted to the plaintiff two semiannual payments of interest as

they would have been due had the note still been in force; that thereafter the company became insolvent, and a receiver appointed for it informed the plaintiff that its books showed the payment of the note to it, but no payment to him; that in view of the insolvency of the company, the plaintiff, although he has filed a claim in the receivership proceedings, will lose the greater part of the amount due on the note; and that his loss is due to the fault and negligence of the defendants, when they paid the note, in not requiring its production and surrender to them or notifying him of the payment.

Treating the note as negotiable, the plaintiff invokes the rule stated in 3 R. C. L., page 1289, that in case of such a note "the maker pays at his peril the original payee or one not in possession of the instrument. By the terms of his contract he is bound to take notice of the fact that his obligation is liable to turn up in the hands of another party than the payee at maturity. When payment is made to a person not having possession of the securities, properly indorsed, the burden of showing that such person was authorized to receive payment for the creditor rests upon the party who makes the claim of payment; for he must show that the money actually reached the holder's hands, or that the act of the agent in receiving payment and canceling the note was ratified by the holder." We do not pause to consider whether or not the note is in fact negotiable, because even upon that assumption, the complaint itself, when read with the note and mortgage, does not state a cause of action under the rule. The terms of these instruments make it clear that the company was fully authorized to accept the payment of the note on behalf of its holders and to release the mortgage security. Payment to it was in fact payment to the plaintiff and discharged the note. *Fortune* v.

*Stockton,* 182 Ill. 454, 55 N. E. 367; *Security Co.* v. *Richardson,* 33 Fed. 16, 21.

The note is in terms payable on or before five years from its date to the bearer or registered owner at the office of the company. It provides that upon failure to pay the interest due upon it or to pay the principal sum at maturity the whole series of notes, of which it was one, might be declared immediately due "at the option solely of the then acting trustee" of the mortgage given to secure them, recites the making of the mortgage to the company as trustee and expressly makes the note subject to all the terms of the mortgage, which is made a part of it as fully as if set forth therein. Among its other provisions, the mortgage repeats the provision as to the option to declare all the notes immediately due upon the failure of payment of the interest upon or principal of any one of them and adds a provision that the trustee may thereupon proceed to collect the notes or to enforce the right and the lien of the holders of them under the mortgage, by foreclosure or otherwise as it should deem most effectual to protect the holders; the right to enforce the mortgage in all its provisions is vested exclusively in the trustee and no owner or holder of any note "shall have a right to institute any suit or proceedings therefor"; upon a strict foreclosure the trustee holds the title of the property in trust for the owners or holders of the notes with a right to sell it upon such terms as it deems for their best interest; when the property is sold in foreclosure or otherwise the net proceeds are to be paid to the note holders pro rata; and finally it is "stipulated and agreed" by and between the trustee and its successor, the mortgagor and each and every note holder that the mortgagor may pay the notes or any one of them before maturity and "upon the payment of all of said notes, or the deposit with said

trustee, of the face value of said notes with accrued interest, said trustee may give a proper quitclaim deed releasing this mortgage and all the property herein described from the obligation thereof." By his purchase of the note, the plaintiff became bound by its terms, and because the mortgage is expressly made a part of it, by the provisions of the mortgage. Undoubtedly the company occupied a somewhat dual position, being in certain respects trustee for the defendants. But considering all the terms of the note and mortgage it is clear that it also represented the holder of the note and was trustee for him as regards its collection. In fact the nature of the plan under which the notes were given and sold, very likely to different purchasers but all secured by one mortgage to the company, and all to be due, at its option, upon default as to any one, made it almost necessary that the holders of the notes should constitute the company their representative for that purpose. Inasmuch as the defendants exercised the option given in the mortgage to pay the notes before all of them, at least, were due, the situation falls fully within the last provision of the mortgage which we have quoted. This was an express agreement by the holders of the note that in such a situation the mortgagors might deposit with the company the amount due and thereupon receive from it a release of the mortgage. That was what was done, and in accepting the money in discharge of the debt, the trustee was performing an act expressly authorized by the plaintiff. Thereafter it held the money as trustee for him, and if it failed to account to him, it, not the defendants, was liable.

There is no error.

In this opinion the other judges concurred.