HELENE A. GORDON ET AL. *v.* ANDREW TOBIAS
(SC 16763)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued January 7—officially released March 25, 2003

*Barbara F. Green,* with whom, on the brief, was *Bernard Green,* for the appellant-appellee (defendant).

*Jonathan S. Bowman,* with whom was *Barbara M. Schellenberg,* for the appellees-appellants (plaintiffs).

*Opinion*

NORCOTT, J. The dispositive issue in this appeal is whether the trial court properly concluded that a now defunct mortgage loan brokerage corporation, Mutual Mortgage Services, Inc. (Mutual), had acted as an agent for the defendant, Andrew Tobias, for the purpose of

receiving payments of the balance due on a mortgage held by the defendant on property owned by the plaintiffs, Helene A. Gordon and William J. Gordon.[1] The defendant appeals[2] from the judgment of the trial court settling title to the property in the plaintiffs. The defendant claims that there was no evidence to support the trial court's finding that Mutual had acted as his agent when it received payment on the mortgage at the time

[1] The defendant raises five issues on appeal to this court. Specifically, the defendant claims that the trial court improperly: (1) granted relief to the plaintiffs pursuant to General Statutes § 47-31 because General Statutes § 49-13 provides an exclusive remedy for the discharge of a mortgage; (2) concluded that Mutual had acted as the defendant's agent in the collection of the payment due on the mortgage held by the defendant; (3) determined that where a mortgagor had actual and constructive notice of the assignment of a mortgage, that payment to the assignor was in satisfaction of the mortgage; (4) concluded that the plaintiffs had a common-law right to equitable relief compelling the mortgage holder to deliver a duly executed release of mortgage; and (5) granted the plaintiffs equitable relief where they had an adequate remedy at law. Our review of the record, however, reveals that the only claim that was raised in the trial court, and properly preserved for appeal, is the defendant's claim that the trial court improperly found that an agency relationship had existed between Mutual and the defendant.

"We have stated repeatedly that we ordinarily will not review an issue that has not been properly raised before the trial court. See, e.g., *Santopietro* v. *New Haven*, 239 Conn. 207, 219-20, 682 A.2d 106 (1996) (court 'not required to consider any claim that was not properly preserved in the trial court'); *Yale University* v. *Blumenthal*, 225 Conn. 32, 36 n.4, 621 A.2d 1304 (1993) (court declined to consider issues briefed on appeal but not raised at trial); see also Practice Book § 60-5 ('court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial')." *Bell Atlantic Mobile, Inc.* v. *Dept. of Public Utility Control*, 253 Conn. 453, 485, 754 A.2d 128 (2000). Because the remaining issues raised by the defendant were not raised before the trial court, we decline to review those issues on appeal. Additionally, the plaintiffs claim on cross appeal that the trial court improperly determined that General Statutes § 49-8a does not provide a private right of action in order to enforce its provisions. As counsel for the plaintiffs conceded at oral argument before this court, because the plaintiffs prevailed in the trial court and do not seek any additional relief other than what was granted, they are not aggrieved by the trial court's decision on that issue. We, therefore, also decline to review this claim.

[2] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

title to the property transferred to the plaintiffs. The plaintiffs claim in response that the evidence produced at trial supports the trial court's finding of an agency relationship. We agree with the plaintiffs and, accordingly, we affirm the judgment of the trial court.

The record reveals the following undisputed facts. Elixir Limited Partnership (Elixir), which is not a party to this appeal, was a condominium developer engaged in the development of a number of condominium units in Madison. In order to finance construction on various condominium units, Elixir borrowed money from Mutual, which, in turn, secured its loan by taking mortgages on the individual condominium units. Mutual used the defendant's money to fund the mortgage at issue in the present case. On February 16, 1994, Mutual assigned the mortgage at issue in the present case from Elixir to the defendant. Both the mortgage on the condominium and the assignment to the defendant were recorded in the Madison land records. Thereafter, payments on the mortgage were made by Elixir to Mutual, which then remitted the payments to the defendant. Early in 1995, the plaintiffs became interested in buying one of the condominium units constructed by Elixir and encumbered by the mortgage that had been assigned to the defendant. The plaintiffs hired a real estate attorney who completed a title search that revealed the mortgage on the property. After counsel for the plaintiffs contacted Elixir regarding the purchase of the property, Elixir agreed that, at the closing, it would pay off the amount due under the mortgage, $125,046.66, to Mutual. Subsequently, on February 2, 1995, the plaintiffs closed on the condominium purchased from Elixir, which then gave Mutual a check for the amount due and conveyed the property to the plaintiffs by warranty deed.

Although Mutual received full payment on the mortgage at the closing, it neither remitted this sum to the defendant, nor informed him of the closing. Rather,

Mutual continued to send periodic payments to the defendant until July, 1997, when the president of Mutual died and Mutual's scheme was revealed. After the defendant refused to release the mortgage, the plaintiffs filed an action, pursuant to General Statutes § 47-31,[3] in order to quiet title in the property in favor of themselves. After trial, the trial court concluded, inter alia, that Mutual was an agent of the defendant for the purpose of receiving payment of the outstanding amount due on the mortgage that was paid at the February, 1995 closing. Thus, the trial court concluded that payment to Mutual, as agent for the defendant, constituted payment to the defendant and, consequently, discharged the plaintiffs' obligation under the mortgage. Accordingly, pursuant to § 47-31, the trial court quieted title in the property in favor of the plaintiffs. This appeal followed.

The defendant claims that there was insufficient evidence in the record to support the trial court's finding that Mutual was an agent of the defendant for the purposes of collecting payments on the mortgage that he held on the plaintiffs' property. We disagree.

It is well settled that, "[t]he nature and extent of an agent's authority is a question of fact for the trier where the evidence is conflicting or where there are several reasonable inferences which can be drawn." (Internal

---

[3] General Statutes § 47-31 (a) provides: "An action may be brought by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the property, or any part of it, or to have any estate in it, either in fee, for years, for life or in reversion or remainder, or to have any interest in the property, or any lien or encumbrance on it, adverse to the plaintiff, or against any person in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property. Such action may be brought whether or not the plaintiff is entitled to the immediate or exclusive possession of the property."

quotation marks omitted.) *Maharishi School of Vedic Sciences, Inc. (Connecticut)* v. *Connecticut Constitution Associates Ltd. Partnership*, 260 Conn. 598, 606, 799 A.2d 1027 (2002). "To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous." (Internal quotation marks omitted.) Id., 605. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) Id.

Turning to the merits of the defendant's claim, "[a]gency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act . . . . Restatement (Second), 1 Agency § 1 [1958]. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citation omitted; internal quotation marks omitted.) *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 120, 132–33, 464 A.2d 6 (1983).

Moreover, "it is a general rule of agency law that the principal in an agency relationship is bound by, and liable for, the acts in which his agent engages with authority from the principal, and within the scope of the [agency relationship]." *Maharishi School of Vedic Sciences, Inc. (Connecticut)* v. *Connecticut Constitution Associates Ltd. Partnership*, supra, 260 Conn. 606. An agent's authority may be actual or apparent. Id.,

606–607. "Actual authority may be express or implied." Id., 607. Because the plaintiffs do not claim that Mutual had express actual authority, we must review whether the trial court properly found implied actual authority. "Implied authority is actual authority circumstantially proved. It is the authority which the principal intended his agent to possess. . . . Implied authority is a fact to be proven by deductions or inferences from the manifestations of consent of the principal and from the acts of the principal and [the] agent." (Citation omitted; internal quotation marks omitted.) *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 70, 699 A.2d 101 (1997).

As the trial court's memorandum of decision reveals, the court found that the defendant had authorized Mutual to collect monthly payments on the note secured by the mortgage on the plaintiffs' property and remit those payments to him. This conclusion was based on the trial court's findings that the defendant was "an investor living in Florida and had no interests in managing such details for himself." Moreover, the trial court concluded, "the entity designated to collect payments on the note secured by the mortgage was plainly authorized to receive payment of the outstanding amount of the mortgage when the property was sold." On the basis of the trial court's well reasoned decision, we conclude that the court's determination that Mutual had actual implied authority to collect the amount due under the mortgage was not clearly erroneous.

The trial court also concluded that Mutual had apparent authority to collect the amounts due under the mortgage held by the defendant. "Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. . . . Consequently, apparent authority is to be determined, not by the agent's own acts, but by the acts of the agent's

principal. . . . The issue of apparent authority is one of fact to be determined based on two criteria. . . . First, it must appear from the principal's conduct that the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted [the agent] to act as having such authority. . . . Second, the party dealing with the agent must have, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority to bind the principal to the agent's action." (Citations omitted; internal quotation marks omitted.) *Tomlinson* v. *Board of Education,* 226 Conn. 704, 734–35, 629 A.2d 333 (1993).

We conclude that the trial court also properly found that Mutual had apparent authority to collect the mortgage payment due on the mortgage held by the defendant. The defendant collected mortgage payments from Mutual for more than two years knowing that the loan on the property had matured, yet he neither objected to nor demanded full payment of the amount due. Rather, the defendant demanded that Mutual invoke a higher interest rate in order to provide incentive for the borrowers to pay off the loan. Similarly, the defendant testified at trial that Mutual had serviced the mortgage loans for him, which included collecting the checks, arranging payment of the amount due under the mortgage, and obtaining mortgage releases. We conclude that the trial court properly concluded that Mutual had apparent authority to collect the amount due under the mortgage held by the defendant. Payment to an agent constitutes payment to the principal. *Manchester* v. *Sullivan,* 112 Conn. 223, 225, 152 A. 134 (1930). Thus, the trial court's conclusion that Elixir's payment to Mutual in 1995, of the total amount due discharged any obligation under the mortgage was not clearly erroneous.

The judgment is affirmed.

In this opinion the other justices concurred.