STATE OF CONNECTICUT *v.* MICHAEL J. MARSALA
(AC 29839)

Flynn, C. J., and Robinson and Alvord, Js.

Argued May 29—officially released August 18, 2009

*Heather M. Wood*, deputy assistant public defender, for the appellant (defendant).

*Lisa C. Dumond*, certified legal intern, with whom were *Michele C. Lukban*, senior assistant state's attorney, and, on the brief, *Jonathan C. Benedict*, state's

attorney, and *Nicholas J. Bove, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, Michael J. Marsala, appeals from the judgment of conviction, rendered after a jury trial, of criminal trespass in the first degree in violation of General Statutes § 53a-107 (a) (1). On appeal, the defendant claims that (1) there was insufficient evidence for the jury to find him guilty of criminal trespass in the first degree because the state failed to meet its burden of proof in regard to an element of the crime charged and (2) the court improperly instructed the jury on the definition of owner and authorized person under § 53a-107 (a) (1). We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The Trumbull Shopping Park (mall) is owned by Westfield Corporation (Westfield), an Australian based company. William Davis is the operations manager of the mall. He testified that he "oversee[s] cleaning, security, maintenance and all the construction projects." Ferenc Bozso is a security guard at the mall, who is overseen by Davis and who acts as Davis' agent.

On December 12, 2006, Bozso was on duty at the mall. That day, Bozso received numerous complaints from patrons that the defendant was asking them for money on mall property. After verifying that the defendant matched the description given by the patrons, Bozso approached him and requested that the defendant provide his driver's license. Bozso recorded the defendant's license information onto a banning form and took a photograph of the defendant. Bozso testified that a banning form is distributed as a way of "revoking someone's permission . . . to be on private property . . . [and the mall] is a private property." In this instance, the defendant was banned for one year, until

December 12, 2007, for panhandling and soliciting on mall property. Bozso, using the courtesy code[1] and the banning guidelines published by Westfield[2] as reference, previously had issued about fifty to sixty banning forms. Individuals who are banned from the mall customarily are banned for a period of one year.

On October 8, 2007, Bozso saw the defendant at the mall in the food court. Bozso then went to his office to verify that the banning order was still in effect. Upon learning that it was, he notified the other security officers working at the mall of the defendant's presence. Later that day, Bozso saw the defendant outside near the mall parking lot, still on mall property. After the defendant refused to provide identification, Bozso notified him that the Trumbull police department had been contacted. Shortly thereafter, William Ruscoe, a member of the Trumbull police department, arrived in response to a call of trespassing on mall property. Ruscoe placed the defendant under arrest. The defendant was charged with one count of criminal trespass in the first degree in violation of § 53a-107 (a) (1).

On March 5, 2008, after a two day trial, the jury found the defendant guilty of criminal trespass in the first degree. On March 10, 2008, defense counsel filed a motion for a judgment of acquittal, which was denied on March 18, 2008. On March 19, 2008, the court sentenced the defendant to a term of one year incarceration, execution suspended after sixty days, and one year probation. Additionally, the court imposed two special

---

[1] The courtesy code, published by Westfield, is a list of fourteen types of conduct or activities that are prohibited at the mall. Bozso testified that the security guards carry this code with them and use it as a reference to determine when patrons should be banned from the mall.

[2] The banning guidelines are two documents published by Westfield that provide a process for banning a patron from the mall. The first document delineates a seven step process, and the second document is a chart recommending how long a patron should be banned for each of a list of various crimes and incidents.

conditions of probation on the defendant: (1) that he refrain from entering the mall property and (2) that he refrain from "soliciting" during the period of probation. This appeal followed.

I

First, the defendant claims that there was insufficient evidence for the jury to have found him guilty of criminal trespass in the first degree because the state failed to prove beyond a reasonable doubt that Bozso had authority to ban him from the mall. Specifically, the defendant claims that Bozso's authority to ban patrons from the mall came directly and solely from Westfield's banning guidelines, which state that "[o]nly those individuals who have committed a crime at Westfield Shoppingtowns will be considered for banning and as in compliance with local, state and federal ordinances." Additionally, the guidelines state that "[t]he Director of Security, Assistant Director of Security or Security Supervisor can only temporarily ban suspects for the remainder of the business day." The defendant contends that because these guidelines defined the scope of Bozso's agency for Davis, he was acting outside the scope of the agency when he banned the defendant for an entire year for panhandling on mall property, which is not a crime. In support of this contention, the defendant argues that although the guidelines provide that the Westfield general manager will review and investigate the ban and then send a certified letter to the banned subject with the status of the banning, Davis failed to do so.[3] Rather, Davis did not learn of the defendant's banning until October, 2007, which, the defendant asserts, further shows Bozso did not have Davis' authority to act. We disagree.

---

[3] Although Westfield's banning guidelines provide that security guards should present documentation of a banning to the general manager for investigation, both parties refer, at trial and in their briefs, to Davis, the operations manager, as the person with this type of supervisory power.

Initially, we consider whether there was sufficient evidence to convict the defendant of criminal trespass in the first degree under § 53a-107 (a) (1).[4] "The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Hicks*, 101 Conn. App. 16, 21, 919 A.2d 1052 (2007). "In evaluating evidence . . . [t]he trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . This does not require that each subordinate conclusion established by or inferred from the evidence, or even from other inferences, be proved beyond a reasonable doubt . . . because this court has held that a jury's factual inferences that support a guilty verdict need only be reasonable." (Internal quotation marks omitted.) *State* v. *Mourning*, 104 Conn. App. 262, 266–67, 934 A.2d 263, cert. denied, 285 Conn. 903, 938 A.2d 594 (2007).

There is sufficient evidence to support the inference that Bozso was a person authorized to ban the defendant from the mall because, as Davis' agent, he had the implied authority from Davis to do so. "An agent's authority may be actual or apparent. . . . Actual

---

[4] General Statutes § 53a-107 (a) provides in relevant part: "A person is guilty of criminal trespass in the first degree when: (1) Knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized person . . . ."

authority may be express or implied. . . . Implied authority is actual authority circumstantially proved. It is the authority which the principal intended his agent to possess. . . . Implied authority is a fact to be proven by deductions or inferences from the manifestations of consent of the principal and from the acts of the principal and [the] agent." (Citations omitted; internal quotation marks omitted.) *Gordon* v. *Tobias*, 262 Conn. 844, 849–50, 817 A.2d 683 (2003). Similarly, in general, the issue of intent is a question of fact "often inferred from conduct . . . and from the cumulative effect of the circumstantial evidence and the rational inferences drawn therefrom." (Internal quotation marks omitted.) *State* v. *Silva*, 285 Conn. 447, 460, 939 A.2d 581 (2008).

The evidence demonstrated that Bozso previously had banned patrons fifty to sixty times for the duration of a year, for violating the courtesy code, without consequence from Davis. Furthermore, Davis' testimony indicated that he considered the security guards to be his agents. The evidence supports the jury's finding that the banning guidelines are suggestions rather than mandatory procedures that the security guards must follow, and, therefore, Bozso's authority extends beyond what they expressly provide. Though the record does not indicate whether Davis specifically knew of the prior bannings, an "agent's authority is a question of fact for the trier where the evidence is conflicting or where there are several reasonable inferences which can be drawn." (Internal quotation marks omitted.) *Maharishi School of Vedic Sciences, Inc. (Connecticut)* v. *Connecticut Constitution Associates Ltd. Partnership*, 260 Conn. 598, 606, 799 A.2d 1027 (2002). It was not unreasonable for the jury to infer that Davis' failure to take any action regarding such bannings or to change mall policy following such bannings was a manifestation of his intent that Bozso exercise such authority.

Additionally, the defendant's ban, although longer than suggested in the guidelines, is aligned with the overall purpose of the security guards to keep the peace at the mall, which supports the inference that Bozso had the implied authority to act. See *State* v. *Vlasak*, 52 Conn. App. 310, 317–18, 726 A.2d 648 (1999) (police held to have authority as agents where general purpose of police presence was to keep trespassers off private property), appeal dismissed, 252 Conn. 228, 746 A.2d 742 (2000). This court has found that when the agent's act is in the interest of the principal, it is likely that he has implied authority to act. See *Hudson United Bank* v. *Cinnamon Ridge Corp.*, 81 Conn. App. 557, 576, 845 A.2d 417 (2004) (agent had authority to represent principal at real estate closing because principal had interest in wanting to complete valuable deal). It was reasonable for the jury to infer that Bozso was acting in Davis' interest by ordering the defendant to leave the mall in response to complaints from patrons and, consequently, with his authority. Accordingly, we conclude that the evidence was sufficient to sustain the conviction of criminal trespass in the first degree.

## II

The defendant next claims, in regard to the final element of the crime of trespass in the first degree, that the court improperly instructed the jury as to the definitions of owner and authorized person.[5] The court

[5] "In order properly to preserve for appeal a claimed error in the trial court's charge to the jury, a party must take an exception when the charge is given that distinctly states the objection and the grounds therefor." *State* v. *Miller*, 186 Conn. 654, 657, 443 A.2d 906 (1982). The defendant requested that the court give an alternate jury charge that did not include the definition of owner as one who "is in rightful possession [of] the premises in question," and that authorized person be defined as "a person having the authority granted by the owner to issue such an order." After the court refused the requests, the defendant renewed his objection in regard to the definition of owner and authorized person. We therefore review this claim.

instructed the jury that the term "[o]wner, here, does not necessarily mean the person who actually owns the title to the building in question; it includes any person who is in rightful possession of the premises in question" and that "an authorized person also includes any person issuing an order to leave, which is at the request of the person in rightful possession."[6] The defendant argues that the state did not offer any evidence tending to prove that Bozso was in rightful possession of the mall, making the language "in rightful possession" inapplicable to the case at issue and consequently misleading to the jury. The defendant also argues that the instruction suggests that an authorized person simply is someone who has been issued an order at the request of the owner, but, realistically, the issue of authority requires a more intricate analysis, and, therefore, the instruction was improper. We disagree.

"When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of

---

[6] These definitions are in reference to the statutory language of § 53a-107 (a) (1). See footnote 4.

statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State* v. *Heinemann*, 282 Conn. 281, 300, 920 A.2d 278 (2007).

The jury instructions did not mislead the jury so as to cause injustice to the defendant. This court has found that "[t]he word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right. . . . It is not a technical term and, thus, is not confined to a person who has the absolute right in a chattel, but also applies to a person who has possession and control thereof." (Internal quotation marks omitted.) *State* v. *LoSacco*, 12 Conn. App. 172, 177, 529 A.2d 1348 (1987). The definition of the word "owner" given by the court in the jury charge was consistent with precedent from this court. Further, the description of an authorized person as one who has been issued an order at the request of an owner was taken directly from D. Borden & L. Orland, 5A Connecticut Practice Series: Criminal Jury Instructions (4th Ed. 2007) § 12.3, p. 327, which simplifies the issue of authority but still retains the general idea that authority is a power conveyed from the principal to the agent, and did not prejudice the defendant. The court, therefore, did not improperly instruct the jury as to the definitions of the terms included in § 53a-107 (a) (1).

The judgment is affirmed.

In this opinion the other judges concurred.